

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Denver E. Perkins
County Attorney
Gonzales County
Gonzales, Texas

Dear Sir:

Opinion No. 0-4583
Re: Under the facts stated, is a
local registrar of births and
deaths, appointed by the City
and acting as such registrar
in an incorporated city, to
be paid by the County or by
the City?

Your letter requesting our opinion on the above
stated question reads as follows:

"The City of Gonzales is incorporated under
the general laws, and has a population of more
than 2500, according to the last census. The City
Clerk does not act as local registrar of births
and deaths, and another party has been appointed
to act as such local registrar. This local regis-
trar, appointed by the City, has filed a claim
with the Commissioners Court of Gonzales County
for a fee of 50¢ for each birth certificate made
out by him.

"Is such local registrar of births and deaths,
appointed by the City and acting as such registrar
in an incorporated city, to be paid by the County
or by the City?

"I am unable to submit anything in the way of
a brief on this matter, except to invite your at-
tention to Article 4477, Rule 36a and Rule 53a,
Vernon's Annotated Civil Statutes. It is my opin-
ion that the County is liable for these fees, but
the language of Rule 53a, requiring the payment of
50¢ for each birth certificate 'unless such local
registrar shall be acting as registrar of births
and deaths in an incorporated city where compensa-
tion of the registrar is otherwise fixed by city
ordinance', is confusing and might indicate that

Honorable Denver E. Perkins, Page 2

payment is to be made by the City rather than by
the County. Will you please give me your opinion
on this matter?"

In opinion No. O-3874 this department has hereto-
fore rendered an opinion pertaining to a question similar
to the one presented in your inquiry. This opinion holds
that a city clerk also serving as registrar of vital statis-
tics in an incorporated city having a population of more than
2,500 inhabitants, which does not have an ordinance providing
a salary or fee for his duties as registrar, but whose salary
is fixed in the minutes of the City Commission or City Coun-
cil, as the case may be, without reference to his duties or
obligations to register birth and death, is entitled to re-
ceive from the County the regular fee as provided by law under
House Bill No. 821, Acts of the 47th Legislature if said city
clerk is serving as registrar of vital statistics performing
all the duties and requirements imposed upon a local registrar
by law. We enclose a copy of this opinion for your convenience.

Rule 37a, Article 4477, Vernon's Annotated Civil
Statutes, provides in effect that where the local registrar
fails or refuses to secure the registration of all births and
deaths in his district, or neglects to discharge the duties
of his office as set forth in the act, the State Board of
Health shall declare that district to be without a local re-
gistrar of births and deaths, and shall, with the confirma-
tion of the County Judge or the City Mayor, as the case may
be, appoint a local registrar of births and deaths for that
district.

It appears to have been the intention of the Legis-
lature that the local registrar receive specific compensation
for the performance of his vital statistics duties whether he
be Justice of the Peace or a city clerk or some person ap-
pointed as authorized by Rule 37a, supra.

Under Rule 53a, Article 4477, it is provided "that
each local registrar shall be paid the sum of 50¢ for each
birth and death certificate properly and completely made out
and registered with him, and correctly recorded and properly
returned by him to the State Bureau of Vital Statistics". It
is also provided further in paragraph 3 of Rule 53a, supra,
that "the local registrar shall submit to the Commissioners'
Court or the County Auditor, as the case may be, a true and

785

accurate copy of each birth and each death certificate filed with him, and such copy shall be deposited in the County Clerk's office. . ."

In view of the foregoing provisions of Article 4477 and our opinion No. O-3874, and authorities cited therein, it is our opinion that the above mentioned local registrar must be compensated for his services as such by the County, provided, the local registrar was appointed by the State Board of Health with the confirmation of the City Mayor. It is our further opinion that if the local registrar was not so appointed, he would not be entitled to any fees.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:hp

APPROVED MAY 8, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN